**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 17-43-DLB-CJS**

UNITED STATES OF AMERICA                                                        PLAINTIFF


vs.                              **MEMORANDUM OPINION AND ORDER**


DONALD R. CONWAY                                                                 DEFENDANT

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

## I.     INTRODUCTION

This matter is before the Court on Defendant's Notice of Defense of Selective Prosecution, wherein he argues that he was targeted for prosecution on the basis of his race in violation of the Equal Protection Clause.  (Doc. # 44).  Having reviewed said Notice, it will be construed as a Motion to Dismiss the Indictment.  The United States having filed its Response in Opposition (Doc. # 46), and the time for Defendant to file a Reply having expired, the matter is now ripe for review.  For the reasons set forth herein, Defendant's construed Motion to Dismiss (Doc. # 44) is **denied**.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this case are set forth in detail in the Court's Findings of Fact, Conclusions of Law, and Verdict, entered contemporaneously herewith.  Relevant to the instant Motion, on December 28, 2016, Officer Kyle Shepard of the Covington Police Department initiated a traffic stop of Defendant Donald R. Conway's white Honda Accord. The front windshield of Conway's vehicle was tinted in violation of Ky. Rev. Stat. Ann. § 189.100, such that the driver was not visible to oncoming traffic.   Officer Shepard

approached Conway and informed him that he was stopped because of the unlawful window tint.  When Officer Shepard approached Conway's vehicle, he detected the odor of marijuana emanating from the vehicle.  Based upon his detection of marijuana, Officer Shepard conducted a search of the vehicle and ultimately found heroin and cocaine therein.  Conway was charged with two counts of knowingly possessing a controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).  (Doc. # 1).

Defendant filed a Motion to Suppress on March 29, 2018, arguing that the warrantless stop and subsequent search of his vehicle and person violated his constitutional rights.  (Doc. # 25).  After the United States filed its Response (Doc. # 27) and the Defendant filed his Reply (Doc. # 28), an evidentiary hearing was held before United States Magistrate Judge Candace J. Smith.  *See* (Doc. # 31).  On July 17, 2018, the Court entered an Order adopting the Magistrate Judge's Report and Recommendation (Doc. # 35), and denying in full Defendant's Motion to Suppress.  (Doc. # 41).  Specifically, the Court found that, *inter alia*, the search of Conway's vehicle was supported by probable cause because the officers who stopped Conway detected marijuana emanating from the vehicle in the course of a lawful traffic stop.  (Doc. # 41 at 8-9).

On July 27, 2018, prior to trial, Defendant filed the subject Motion.  (Doc. # 44).  Therein, Conway asserts that Officer Shepard's stops for window-tint violations have been racially motivated and that Officer Shepard has utilized the purported detection of the odor of marijuana as a pretext for searching the vehicles of African Americans without a reasonable basis or probable cause.[1]  *See id.*

---

[1]     Additionally, Defendant filed a *pro se* handwritten letter (Doc. # 54), wherein he moves to dismiss the Indictment with prejudice.  Not only is Defendant's *pro se* Motion untimely, but it may be "properly

## III.    ANALYSIS

Dismissal of the Indictment is unwarranted because, beyond his own mere speculation, Defendant has failed to demonstrate any evidence of either a discriminatory intent or a discriminatory effect in the Government's prosecution in this case. "Prosecutors have great discretion when determining which cases to prosecute." *United States v. Darwich*, 574 F. App'x 582, 589 (6th Cir. 2014) (citing *United States v. Brimite*, 102 F. App'x 952, 955 (6th Cir. 2004)).  "As long as the prosecutor has probable cause to believe that an accused has committed an offense defined by statute, decisions regarding whether to prosecute and what charges to file rest entirely within the prosecutor's discretion."    *Id.*    A prosecutor's discretion is, of course, bound by constitutional constraints, and the decision to prosecute "may not be based on a defendant's race, sex, religion, or exercise of a statutory constitutional right."    *Id.*    The defense of selective prosecution "is a matter that is independent of a defendant's guilt or innocence."    *United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006).    A selective prosecution claim "is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden

---

disregard[ed]" because the Defendant is represented by counsel.  *Lowe v. Prindle*, No. 2:14-cv-178-KKC, 2014 WL 5685534, at *3 (E.D. Ky. Nov. 3, 2014); *see also United States v. Mosley*, 810 F.2d 93, 97-98 (6th Cir. 1987) ("The right to defend *pro se* and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one constitutes a correlative assertion of the other" and thus, "whether to allow a defendant to participate in his own defense along with counsel in 'hybrid representation' is a matter committed to the sound discretion of the trial court").  Moreover, the bulk of the Defendant's arguments either improperly seek to rehash issues already adjudicated in his Motion to Suppress, or are duplicative of the arguments raised by his appointed CJA attorney in the Motion to Dismiss.  *See* (Doc. # 44).  Likewise, the Court received *ex parte* contact from Tiffany Estes, a family member of the Defendant, prior to trial.  Ms. Estes transmitted nineteen separate email messages to the undersigned's Chambers, each consisting of illegible .jpg images that appear to be successive pages of an unspecified court document.  Neither the Defendant's *pro se* letter or Ms. Estes's emails will be considered.

by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996).

To prevail on a selective prosecution claim, a defendant must show that the federal prosecutorial policy had both a discriminatory intent and a discriminatory effect. *Id.* (citing *United States v. Jones*, 399 F.3d 640, 645 (6th Cir. 2005)). "To establish discriminatory intent in a case alleging selective prosecution based on race, a claimant must show that the prosecutorial policy was motivated by racial animus; to establish discriminatory effect, the claimant must demonstrate that similarly situated individuals of a different race were not similarly prosecuted." *Id.* The standard "is a demanding one," and "[i]n order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary." *Armstrong*, 517 U.S. at 463 (internal citations omitted).

As the Government points out in its Response (Doc. # 46 at 3), Defendant's Motion claims that he will eventually show evidence of discriminatory intent and discriminatory effect with respect to the officer who made the traffic stop, but Defendant completely fails to offer any actual evidence of either element. This falls far short of the Defendant's burden to present "clear evidence" to overcome the presumption that the prosecution has not violated equal protection. *Armstrong*, 517 U.S. at 465. Therefore, the Defendant has failed to meet his burden. Though he has had months to develop evidence regarding this claim, Conway ultimately can point only to unsubstantiated accusations. While Defendant cites loosely to "records" that have been requested from the Covington Police Department "concerning the citations for window tint violations that were issued by Officer Kyle Shepard for 2016," at best Defendant can only offer speculation that "all, or nearly all, of Officer Shepard's stops were made upon an African American driver, or a driver of

another race who had an African American passenger." (Doc. # 44 at 2). Defendant offers no information regarding when the records were requested, or Defendant's basis for asserting what the records purport to contain.

Likewise, Defendant cites vaguely to "additional records" that have been requested from the Covington Police Department for another single stop conducted by Officer Shepard "in which he claimed to smell marijuana, yet found nothing" and therefore argues that the stops "have been used as an excuse to search the vehicles of African Americans without a reasonable basis or probable cause." *Id.* This claim is likewise dismissed as unduly speculative and unreliable. Moreover, the issue of the probable cause to search Conway's vehicle has been exhaustively litigated in the course of these proceedings. The Defendant has not objected to the Court's finding that the traffic stop was lawful. *See* (Doc. # 41 at 8). Following an evidentiary hearing before Magistrate Judge Candace J. Smith, Judge Smith found that the officers' body-camera recordings showed "contemporaneous statements and reactions from the officers supporting their testimony that they smelled marijuana" and that "Officer Adkisson's contemporaneous reactions as he neared the location of marijuana indicate that he was reacting to a smell." (Doc. # 35 at 14). Judge Smith found this type of "contemporaneous reaction" to be "credible and less likely to be feigned." *Id.* Upon de novo review, the Court adopted Judge Smith's finding that probable cause supported the search of Conway's vehicle because the officers smelled marijuana emanating from Conway's vehicle. *Id.* The Court will not relitigate the same legal conclusion based upon the same factual credibility determination—particularly in light of the fact that Defendant's Motion, submitted over three months after the evidentiary hearing and on the eve of trial, still failed to point to any

5

specific evidence whatsoever in support of his claim.

In sum, Conway's unsubstantiated claims that he was targeted for prosecution as an African American are insufficient to establish selective prosecution. The record is wholly devoid of any evidence of either a discriminatory effect or a discriminatory intent, or, further, that such evidence would be uncovered in the course of any further discovery, particularly at this stage of the proceedings. Accordingly, dismissal of the Indictment is unwarranted.

## IV.    CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Defendant's construed Motion to Dismiss the Indictment (Doc. # 44) be, and hereby is **DENIED**.

This 27th day of August, 2018.



Signed By:

_David L. Bunning_

United States District Judge

L:\DATA\ORDERS\Cov17\17-43 MOO Selective Prosecution 44.docx