**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL CASE NO. 17-43-DLB-CJS**

**UNITED STATES OF AMERICA**                                             **PLAINTIFF**

**v.**                    **MEMORANDUM OPINION AND ORDER**

**DONALD CONWAY**                                                         **DEFENDANT**

* *    * *    * *    * *    * *    * *    * *    * *

Defendant Donald Conway has filed two motions that are currently pending before the Court: a Renewed Motion for Judgment of Acquittal (Doc. # 62) and a Motion for New Trial.  (Doc. # 63).  The United States has filed its Response to Defendant's Renewed Motion for Judgment of Acquittal (Doc. # 64) and Motion for a New Trial.  (Doc. # 65). The time for further briefing under the Local Rules having expired, *see* LCrR 12.1(d), the Motions are now ripe for the Court's review.  For the reasons stated herein, Defendant's Motions are **denied**.

## I.    FACTUAL BACKGROUND

On November 9, 2017, Defendant was named in a two (2) count indictment charging him with possessing heroin (Count 1) and cocaine (Count 2) with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Doc. # 1).

The charges in the indictment stem from a routine traffic stop and subsequent search of Defendant's person, which uncovered four plastic bags containing heroin and cocaine located in Defendant's pocket and underwear.  (Doc. # 50 at 4-5).  During the stop, police also searched Defendant's vehicle, finding two additional plastic bags

containing heroin, as well as ammunition, five cellular phones, and $262 in U.S. currency. *Id.* Defendant was arrested and later questioned at the police station, where he admitted to purchasing the narcotics from a supplier named "E" or "Elmer." *Id.* at 6.

On March 29, 2018, the Defendant filed a Motion to Suppress the drugs found during the traffic stop, arguing that the warrantless stop and subsequent search of his vehicle and person violated his constitutional rights. (Doc. # 25). On July 17, 2018, the Court entered an Order denying Defendant's Motion to Suppress. (Doc. # 41). After Defendant waived his right to a jury trial (Docs. # 42 and 43), the Court conducted a two-day bench trial starting on August 14, 2018 and ending on August 21, 2018. (Doc. # 56). At the beginning of trial, the United States moved to dismiss Count Three of the indictment, which charged Defendant with possession of ammunition in violation of 18 U.S.C. § 922(g)(1). (Doc. # 59 at 2). The Government's oral motion was granted, and the bench trial proceeded on Counts One and Two. The Defendant moved for a Judgment of Acquittal after the Government's case-in-chief and again at the close of the evidence. (Tr. Day 2 at 8-9). The Court denied both motions. (Doc. # 57).

On August 27, 2018, the Court found the Defendant guilty of Counts One and Two and issued accompanying Findings of Fact and Conclusions of Law. (Doc. # 59). On the same date, the Court also denied Defendant's Motion to Dismiss the Indictment (Doc. # 44) on the basis of selective prosecution. (Doc. # 60).

## II.    ANALYSIS

### A.    *Motion for Judgment of Acquittal*

Defendant raises two bases for his renewed Motion for Judgment of Acquittal. (Doc. # 62). First, Defendant argues that the Government failed to prove that he

knowingly possessed heroin because the powder that was recovered at the scene was described by an officer as "white" at one stage of the investigation and "brown" at another stage of the investigation. *Id.* at 3. Second, Conway argues that the prosecution failed to prove that he intended to distribute either heroin or cocaine because investigators in the case did not use confidential informants, controlled buys, or other investigative techniques that might have revealed evidence of drug trafficking prior to Mr. Conway's arrest on December 28, 2016. *Id.* at 4-5.

### 1.    Standard of Review

A district court may enter a judgment of acquittal if the government's proofs are legally insufficient to sustain a conviction. *United States v. Paulus*, 894 F.3d 267, 274 (6th Cir. 2018) (citing Fed. R. Crim. P. 29). In resolving this question, the Court must view the evidence "in the light most favorable to the prosecution," and may not enter a judgment of acquittal if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Persaud*, 866 F.3d 371, 380 (6th Cir. 2017) (emphasis in original). The court may not independently weigh the evidence, nor judge the credibility of witnesses. *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999). Furthermore, "[t]he government must be given the benefit of all inferences which can reasonably be drawn from the evidence, even if the evidence is circumstantial." *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004). Thus, a convicted defendant challenging the sufficiency of the evidence in a Rule 29 motion is presented with an "uphill battle." *United States v. Wagner*, 382 F.3d 598, 610 (6th Cir. 2004); *see also United States v. Ray*, 803 F.3d 244, 262 (6th Cir. 2015) ("A defendant who claims insufficiency of the evidence bears a very heavy burden.").

**2.     The evidence presented during trial was sufficient for a finding
that the Defendant knowingly possessed heroin.**

In support of his renewed Motion for Acquittal, Defendant first claims that during
the investigation, there was a discrepancy between the descriptions of the substances
seized from Defendant's person and vehicle.  (Doc. # 62 at 3).  Specifically, Conway
points to the Covington Police "Property Detail Report" (Def't Exs. 6A and 6B), which
contains general descriptions of the items seized when they were first logged into
evidence at the Covington Police station on December 28, 2016.  (Doc. # 62 at 3).  The
Property Detail Report describes a "baggie of suspected heroin" recovered from Mr.
Conway's pocket as "white" in color.  (Def't Ex. 6A at 1).  It also describes as "white" a
"bag of various powder substances" recovered from Mr. Conway's underwear and a
"mason jar with unknown powder substances" recovered from the center console of Mr.
Conway's vehicle.  *Id.* at 5, 9.  Meanwhile, these same items of evidence were described
as "brown" in the forensic lab report signed by Susan Vanlandingham on February 1,
2017.  (Gov't Ex. 12 at 1-2).  Defendant argues that "due to the differences in coloration
between what was seized and what was tested, the Government has failed to carry its
burden of proving that Mr. Conway knowingly possessed heroin."  (Doc. # 62 at 3).

While the Court accepts that some discrepancies exist regarding the investigators'
color descriptions, Defendant's Motion nevertheless falls short.

### i.  The bags of heroin are admissible evidence.

As an initial matter, the discrepancy that Defendant references is not sufficient to
negate the Government's otherwise adequate chain of custody for the seized evidence.
Under Federal Rule of Evidence 901, the prosecution need not establish a perfect chain
of custody for evidence to be admitted at trial.  *United States v. Kinnard*, Nos. 91-6221,

91-6263, 1992 WL 162558, at *3 (6th Cir. July 13, 1992); *Dell v. Straub*, 194 F. Supp. 2d 629, 652 (E.D. Mich. 2002).  Rather, "physical evidence is admissible when the possibility of misidentification or alteration is 'eliminated, not absolutely, but as a matter of reasonable probability.'"  *United States v. Combs*, 369 F.3d 925, 938 (6th Cir. 2004) (quoting *United States v. Allen*, 106 F.3d 695, 700 (6th Cir. 1997)).  Furthermore, absent actual evidence of tampering or misidentification, any challenge to the chain of custody goes to the weight of the evidence, not its admissibility.  *United States v. Knowles*, 623 F.3d 381, 386 (6th Cir. 2010).

Finally, where there is no evidence of wrongdoing, "courts presume public officers have discharged their duties properly."  *Id.*  Therefore, courts routinely find that minor mistakes in the investigatory process are not sufficient to exclude evidence, vacate a guilty verdict, or dismiss an indictment.  *See, e.g.*, *United States v. Briley*, 319 F.3d 360, 364 (8th Cir. 2003); *United States v. Vance*, No. 3:16-cr-70-JHM, 2017 WL 2469955, at *6-7 (W.D. Ky. June 6, 2017), *affirmed*, No. 17-6181, 2018 U.S. App. LEXIS 23095 (6th Cir. Aug. 17, 2018); *United States v. James*, 3:15-cr-49-TBR, 2017 WL 1088092, at *7 (W.D. Ky. Mar. 21, 2017); *United States v. Nuttall*, No. 08-cr-20340-BBD-dkv, 2009 WL 6314993, at *5-6 (W.D. Tenn. Nov. 19, 2009).

Moreover, when a criminal defendant makes an allegation of mishandled evidence, witness testimony can "establish[] a clear chain of custody that eliminate[s] any reasonable probability of misidentification or alteration."  *United States v. Thompson*, 96 F. App'x 355, 356 (6th Cir. 2004); *accord United States v. Jones*, 159 F.3d 969, 980 (6th Cir. 1998); *United States v. Holt*, 108 F. App'x 325, 327 (6th Cir. 2004).

In this case, Defendant fails to make out a showing of wrongdoing on the part of investigators that would have been sufficient to render the heroin evidence inadmissible at trial. During trial, the Court heard testimony from every individual who handled the evidence throughout the investigation, including the arresting officer, Kyle Shepard, the crime scene technician, Susan Stadtlander, and the chemist and author of the forensic lab report, Susan Vanlandingham. (Doc. # 59 at 9). Officer Shepard testified that he did not alter any of the items recovered from Mr. Conway and that the heroin presented to him at trial was the same heroin he found when he arrested Mr. Conway. (Tr. Day 1 at 52:16-53:8). The evidence recovered from Mr. Conway was securely stored in a locker for retrieval by the crime scene technician, Ms. Stadtlander. *Id.* at 64:2-16; 93:13-19. Ms. Stadtlander testified that the evidence received from Officer Shepard was sealed and remained that way when it was transported directly to Ms. Vanlandingham for testing. *Id.* at 102:18-103:17. Ms. Vanlandingham testified that the evidence she received from Ms. Stadtlander was sealed and showed no signs of tampering. *Id.* at 129:17-130:6; 133:2-134:4. The items tested at the lab were secured in a locker that was accessible only to Ms. Vanlandingham. *Id.* at 134:16-25. Ms. Stadtlander confirmed that the evidence she received back from Ms. Vanlandingham was sealed and secured. *See, e.g.*, *id.* at 105:24-106:1. Ms. Stadtlander also testified that the evidence shown to her in court was the same as that which she submitted to the lab for testing. *Id.* at 107:25-108:6.

As a result of this thorough testimony, the Court found that "[a] complete chain of custody from Officer Shepard to the City of Covington's Police Department's evidence laboratory has been established by testimony." (Doc. # 59 at 9); (*see also* Def't Exs. 1-4, 6A, 6B, 7; Gov't Ex. 12). Thus, despite the isolated discrepancy that defendant

highlights in his Motion, the credible witness testimony at trial firmly established a chain of custody that was sufficient to admit the heroin evidence.

Furthermore, there is no indication, either from physical or testimonial evidence, that the color discrepancy Defendant highlights was the result of tampering or misidentification of the evidence. Rather, the Court identifies two likely, innocent explanations for the color discrepancy. First, the color discrepancy may simply have been the result of a clerical error or general carelessness on the part of Officer Kyle Shepard, who recorded the color of the drugs on the Property Detail Report at the Covington Police station. (Def't Exs. 6A and 6B). Bags of both white and brown powder were recovered from Defendant's person and vehicle. (Doc. # 59 at 4-5). Therefore, Officer Shepard could easily have mixed up the colors when otherwise properly recording the seized drugs in the computer system, which then produced the Property Detail Report. This explanation is bolstered by the fact that other color-related errors exist in the Property Detail Report. For example, Officer Shepard characterized one of Mr. Conway's seized phones as a "purple LG sprint" but on the same page described the same phone as "black." (*See* Def't Ex. 6A at 19).

Second, although the Defendant contends that "brown and white are different," (Doc. # 62 at 3), the differing colors of the powders are not so readily apparent when they are wrapped inside of a clear, translucent plastic bag. In fact, when not compared side-by-side, each bag of drugs could be considered off-white or tan depending on the angle and lighting. (*See* Gov't Exs. 1-6, 15A, 15B, 15D). Every suspected narcotic in the Property Detail Report is listed as "white" or has no color listed (*see* Def't Ex. 6A at 1, 3, 5, 7, 9), which suggests that Officer Shepard may not have carefully scrutinized each

powder for its exact color. After all, Mr. Shepard was only in charge of initial intake and was not tasked with identifying or otherwise inspecting the items he recovered from the Defendant. *See* Tr. Day 1 at 64:2-12. The fact that Susan Vanlandingham at the forensic lab was able to more precisely identify the color of the powders makes sense given that she viewed the powders from outside of the bags in order to properly examine them. *See id.* at 145:16-20.

In summary, Defendant has not put forth any evidence to suggest that the Court should have excluded the heroin evidence he claims was mischaracterized in the Property Detail Report. (Def't Ex. 6A). Under established Sixth Circuit law, Defendant's chain-of-custody challenge goes to the weight, rather than the admissibility, of the evidence. *Knowles*, 623 F.3d at 386. As such, the proper time to raise the color-discrepancy issue was during cross-examination,[1] not in a Rule 29 motion, where the Court may not weigh evidence or judge the credibility of witnesses. *Talley*, 164 F.3d at 996; *see also United States v. Summers*, 666 F.3d 192, 204 (4th Cir. 2011) ("[T]he handling of evidence . . . can be fertile ground for cross-examination."). Given that witness testimony established a complete chain of custody during the investigation, a rational trier of fact would have no difficulty finding that the powder seized from Mr. Conway was heroin despite the presence of a *de minimis* color discrepancy. Therefore, after viewing the evidence in the light most favorable to the prosecution, any reasonable factfinder could conclude beyond a reasonable doubt that Mr. Conway possessed heroin.

---

[1]     The Court notes that Mr. Conway's attorney chose not to raise the color-discrepancy issue until closing argument. *See* Tr. Day 2 at 21:21-22:17.

### ii. The totality of the evidence established at trial is also sufficient to find Defendant knowingly possessed heroin.

In addition, Defendant's Rule 29 Motion fails because the Court's determination that Mr. Conway knowingly possessed heroin is "supported by substantial and competent evidence upon the record as a whole." *United States v. Stewart*, 729 F.3d 517, 526 (6th Cir. 2013) (quoting *United States v. Wettstain*, 618 F.3d 577, 583 (6th Cir. 2010)). For example, the Defendant admitted to Officer Shepard that he had both crack and heroin in his underwear (Tr. Day 1 at 51:19-21) and informed Detective Tony Jansen that he had purchased large quantities of heroin from a supplier named "Elmer" or "E." (Doc. # 59 at 6). The Court also learned that Mr. Conway had previously been convicted in state court for possession of heroin with intent to distribute. *Id.* Consequently, even without the evidence Mr. Conway claims was mischaracterized by investigators, there was more than sufficient evidence to support a finding that Mr. Conway knowingly possessed heroin. Thus, Defendant's Motion for Judgment of Acquittal on this point is **denied**.

### 3. The evidence was sufficient for a finding that the Defendant intended to distribute heroin and cocaine.

Defendant next argues that the United States failed to prove Mr. Conway intended to distribute heroin or cocaine because investigators had not suspected Mr. Conway of drug trafficking prior to his arrest on December 28, 2016. (Doc. # 62 at 4). To support this argument, Defendant cites the fact that "there were no confidential informants, no controlled buys, and no prior investigation into Mr. Conway." *Id.* Defendant also points to the fact that police did not find evidence of drug trafficking on the phones seized from Mr. Conway's vehicle. *Id.*

In making these arguments, Defendant improperly attempts to limit the kinds of evidence that a factfinder may consider in reaching a guilty verdict. Contrary to what Defendant contends, a factfinder may convict a criminal defendant based on reasonable inferences from any admissible evidence at trial. *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006). Moreover, the factfinder is not limited to direct evidence and may base a finding of guilt entirely upon circumstantial evidence. *Id.*

Simply put, while pre-arrest investigatory tactics such as controlled buys and the use of confidential informants are common in drug cases, they are not the exclusive means by which a prosecutor may prove a defendant guilty of a drug offense. Rather, evidence of drug trafficking obtained *during or after* an arrest can—and often is—sufficient to convict a defendant of drug trafficking. Indeed, countless examples exist of courts upholding guilty verdicts in cases just like this one, where the only evidence of the defendant's drug trafficking activity came from a routine traffic stop. *See, e.g.*, *United States v. Granderson*, 651 F. App'x 373, 375-76 (6th Cir. 2016); *United States v. Freeman*, 412 F. App'x 735, 748-49 (6th Cir. 2010); *United States v. Jones*, 285 F. App'x 243, 243-46 (6th Cir. 2008); *United States v. Morales*, Nos. 96-6732, 97-5119, 1998 WL 211746, at *1 (6th Cir. Apr. 21, 1998).

Here, despite not having investigated Defendant prior to his arrest, police were able to uncover a bevy of evidence against Mr. Conway during and after the traffic stop, which the United States then used to establish Defendant's guilt. To prove its case, the United States had to demonstrate (1) knowing or intentional (2) possession (3) of a controlled substance (4) with intent to distribute. *See* 21 U.S.C. § 841(a); *United States v. Mackey*, 265 F.3d 457, 460 (6th Cir. 2001); (Doc. # 1). The first three elements were

satisfied because the Defendant was found with controlled substances (heroin and cocaine) close to his person, including in his pockets and underwear. (Doc. # 59 at 9).

The last element was also met, as there was strong direct and circumstantial evidence of distribution. Circumstantial evidence included evasive behavior toward police officers, the recovery of a large quantity of drugs packaged in numerous bags, the presence of ammunition, five cellular phones, and a substantial amount of U.S. currency, and the absence of any drug paraphernalia. *Id.* at 10. Officers also had direct evidence of drug trafficking when the Defendant told Officer Shepard and Detective Jansen about his large-scale drug suppliers. *Id.* at 11. From this and other evidence presented at trial, a rational factfinder could conclude beyond a reasonable doubt that Mr. Conway had an intent to distribute controlled substances. Accordingly, Defendant's Motion for Judgment of Acquittal is **denied**.

### B. Motion for New Trial

Also pending before the Court is Defendant's Motion for New Trial. (Doc. # 63). Federal Rule of Criminal Procedure 33(a) provides that a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." The Sixth Circuit has held that a court may grant a Rule 33 motion when the "verdict was against the manifest weight of the evidence" or "a substantial legal error has occurred." *United States v. Callahan*, 801 F.3d 606, 616 (6th Cir. 2015) (internal quotation marks omitted). Unlike a motion for judgment of acquittal, a court deciding a motion for new trial may "consider the credibility of the witnesses and the weight of the evidence." *Id.* (quoting *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998)). Nevertheless, to vacate a verdict that was against the manifest weight of the evidence, a defendant bears the burden of showing

that the evidence "preponderate[s] heavily against the verdict." *United State v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). Hence, Rule 33 motions should be granted "sparingly and with caution." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993).

In arguing that the Court's verdict was against the manifest weight of the evidence, the Defendant merely repeats his arguments in support of his Motion for Judgment of Acquittal, namely, that (1) there was a discrepancy in the color description of the heroin recovered from Mr. Conway's person and vehicle and (2) investigators had not suspected Mr. Conway of drug trafficking prior to his arrest. (*See* Docs. # 62 and 63).

Neither of these arguments are persuasive in the context of a motion for new trial. Regarding the color-discrepancy issue, Defendant provides no reason why the Court should not accept the testimony of Officer Shepard, Ms. Stadtlander, and Ms. Vanlandingham, all credible witnesses who established a complete chain of custody for the evidence seized from Mr. Conway's person and vehicle. (Doc. # 59 at 9). Moreover, even if the Court were to find this testimony not credible, the Court could rely on Mr. Conway's admissions to Officer Shepard and Detective Jansen that he possessed heroin and had purchased large amounts of heroin from a supplier named "E" or "Elmer" to support the conclusion that Defendant possessed heroin with the intent to distribute. *See supra* at 9.

As discussed *supra* at 10-11, to prove that Mr. Conway had an intent to distribute heroin and cocaine, the United States did not need to show that Mr. Conway was suspected of drug trafficking prior to being arrested. Defendant does not contest the overwhelming evidence of drug trafficking in this case, including the large quantity of drugs found in Mr. Conway's possession, the packaging of those drugs for resale, the

presence of ammunition and multiple cell phones, and Mr. Conway's admissions to police that he had purchased thousands of dollars worth of drugs. In light of this and other evidence, the Court is not persuaded that its verdict is against the manifest weight of the evidence. Accordingly, the Defendant's Motion for New Trial is **denied**.

## III. CONCLUSION

For these reasons, the Court concludes that neither acquittal under Rule 29 nor a new trial under Rule 33 is warranted. Accordingly,

**IT IS ORDERED** as follows:

(1) Defendant's Renewed Motion for Judgment of Acquittal (Doc. # 62) is **denied**;

(2) Defendant Donald Conway's Motion for New Trial (Doc. # 63) is **denied**.

This 12th day of November, 2018.



Signed By:
*David L. Bunning*
United States District Judge

J:\DATA\ORDERS\Covington Criminal\2017\17-43 MOO Denying MFA and MFNT.docx